# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **DESIREE GUERRA**, *Plaintiff* § § § | |
| v. § § | Case No. 1:23-cv-01529-DAE |
| **INDO CANADIAN CARRIERS** and **HARPRETT SINGH HANJRAH**,[1] *Defendants* § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE DAVID A. EZRA
      UNITED STATES DISTRICT JUDGE

Before the Court is Defendants' Indo Canadian Carriers and Harprett Singh Hanjrah's Opposed Motion to Designate Responsible Third Party, filed October 30, 2024 (Dkt. 17). By Text Order issued January 29, 2025, the District Court referred the motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(b), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I. Background

Plaintiff Desiree Guerra, a resident of Caldwell County, Texas, filed this negligence action in state court against Canadian citizens Indo Canadian Carriers and Harprett Singh Hanjrah. Guerra

---

[1] Defendants state that Plaintiff misspelled Defendant Hanjrah's last name in her pleadings as "Hanjhra." Dkt. 17 at 1. "The doctrine of *idem sonans* permits the misspelling of a name in legal documents if the attentive listener would find difficulty distinguishing the misspelling from the proper spelling when pronounced." *Andrews v. Dir., TDCJ-CID*, No. 5:16-CV-51, 2017 WL 6065748, at *14 (E.D. Tex. Oct. 23, 2017), *R. & R. adopted*, 2017 WL 6059319 (E.D. Tex. Dec. 6, 2017); *see also Richter's Loan Co. v. U.S.*, 235 F.2d 753, 755 (5th Cir. 1956) (applying rule to hold that notice of tax lien was adequate although taxpayer's name was erroneously spelled "Freidlander" instead of "Friedlander"). The Court uses the correct spelling, Hanjrah.

alleges that she was driving her 2017 Hyundai Santa Fe on IH-35 in San Marcos, Texas on August 26, 2022 when Hanjrah, an employee of Indo Canadian, negligently crashed a 2020 Freightliner M2 TT into the back of her car, causing her to suffer physical injuries. Plaintiff's First Amended Petition, Dkt. 1-1 ¶ 7.

Guerra asserts negligence, negligence *per se*, and gross negligence claims against Hanjrah and alleges that Indo Canadian is vicariously liable for his actions under the doctrine of *respondeat superior*. *Id.* ¶ 15. Guerra also asserts negligent entrustment of a motor vehicle, gross negligence, and negligent hiring, training, and supervision claims against Indo Canadian. *Id.* ¶¶ 16-20. She seeks more than $1 million in damages, attorneys' fees, and costs. *Id.* ¶ 27.

Defendants timely removed to this Court based on diversity jurisdiction under 28 U.S.C. § 1332(a). Dkt. 1. Defendants now seek leave to designate Kayden Cantu as a responsible third party under Section 33.004(a) of the Texas Civil Practice and Remedies Code. Dkt. 17. Guerra did not file a response to the motion.

## II.  Legal Standards

In diversity cases, courts apply federal procedural and evidentiary rules and the substantive laws of the forum state. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). This Court has held repeatedly that Section 33.004 of the Texas Civil Practice and Remedies Code is substantive law. *Spencer v. BMW of N. Am., LLC*, No. 5:14-CV-869-DAE, 2015 WL 1529773, at *2 n.2 (W.D. Tex. Apr. 2, 2015); *Viceroy Petroleum, L.P. v. Tadlock Pipe & Rentals, Inc.*, No. SA-14-CV-00006-DAE, 2014 WL 5488422, at *3 (W.D. Tex. Oct. 29, 2014).

In tort actions under Texas law, the trier of fact is required to apportion responsibility among each claimant, defendant, settling person, and "responsible third party." TEX. CIV. PRAC. & REM. CODE §§ 33.002(a)(1), 33.003(a). A responsible third party is "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought,

whether by negligent act or omission, by any defective or unreasonably dangerous produce, by other conduct or activity that violates an applicable legal standard, or by any combination of these." *Id.* § 33.011(6). Under Section 33.004(a), "[a] defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party." *Id.* § 33.004(a). Responsible third parties "are not joined as parties—they are only designated as being responsible without being made parties to the suit. Rather than requiring formal joinder, § 33.004 provides a mechanism to designate responsible third parties who then may be apportioned fault." *Withers v. Schneider Nat'l Carriers, Inc.*, 13 F. Supp. 3d 686, 688 (E.D. Tex. 2014) (citation omitted).

A motion to designate a responsible third party "must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date." TEX. CIV. PRAC. & REM. CODE § 33.004(a). This Court finds the 60-day deadline to be substantive and therefore requires motions to designate responsible third parties to be filed sixty days before trial. *Viceroy Petroleum*, 2014 WL 5488422, at *3; *see also YETI Coolers, LLC v. Mercatalyst, Inc.*, No. 1:22-CV-01337-DAE, 2023 WL 11858896, at *6 (W.D. Tex. Dec. 1, 2023); *Levario v. Dorel Juv. Grp., Inc.*, No. 7:15-CV-125-DAE, 2015 WL 8363036, at *1 (W.D. Tex. Dec. 7, 2015); *accord Wright v. Bronco Drilling, Co.*, No. 9:07-CV-136-TH, 2008 WL 11443097, at *2 (E.D. Tex. May 23, 2008).[2]

Once a defendant moves for leave to designate a responsible third party, a court must grant leave to designate that party "unless another party files an objection to the motion for leave on or

---

[2] Rather than the 60-day statutory deadline, some Courts in this District have found the appropriate deadline to designate third parties to be the dispositive motions deadline in the parties' Rule 16(b) scheduling order, others the joinder deadline. *Compare Aguilar v. Pick Five Imps., Inc.*, No. SA-21-CV-01048-XR, 2022 WL 1570627, at *2 (W.D. Tex. May 17, 2022), *with Guadian v. Americor Funding LLC*, 724 F. Supp. 3d 668, 671-72 (W.D. Tex. 2024).

3

before the 15th day after the date the motion is served." TEX. CIV. PRAC. & REM. CODE § 33.004(f).

To prevent designation of a responsible third party, the burden is on a plaintiff to show:

1. the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure, and

2. after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

*Id.* § 33.004(g). "Under Texas's notice-pleading standard, fair notice is achieved 'if the opposing party can ascertain from the pleading the nature and basic issues of the controversy, and what type of evidence might be relevant.'" *Howard v. Lowe's Home Centers, LLC*, No. 1:16-CV-1279-RP, 2017 WL 10729622, at *1 (W.D. Tex. Oct. 23, 2017) (quoting *In re CVR Energy, Inc.*, 500 S.W.3d 67, 80 (Tex. App.—Houston [1st Dist.] 2016, mand. denied)).

### III. Analysis

Defendants assert that the negligence of another driver, Kayden Cantu, was the sole proximate cause of the underlying collision and seek to add her as a responsible third party under Section 33.004(a). Hanjrah alleges in his Original Answer that

> the acts of third parties, beyond Defendant's control, constitute the sole proximate cause of any damages Plaintiff has sustained. Specifically, Kayden Cantu, the other driver involved in this motor vehicle accident cut in front of Hanjrah's and abruptly stopped causing the collision. Cantu's negligence is the proximate cause of Plaintiff's damages, if any.

Dkt. 16 ¶ 34. Defendants rely on a police crash report describing the events leading to the collision and stating that Hanjrah and Cantu were both cited for "failure to control speed." Dkt. 17-1 at 3.

Because Defendants filed this motion 60 days before the scheduled trial date of June 9, 2025, it is timely under Section 33.004(a). Scheduling Order, Dkt. 14 at 3. Defendants also have pled sufficient facts concerning the alleged responsibility of Cantu in the underlying collision, and Guerra did not file an objection to the motion. "A court shall grant leave to designate a responsible

4

third party unless the objecting party establishes that the defendant failed to plead sufficient facts concerning the third party's responsibility." *Howard*, 2017 WL 10729622, at *1. Defendants' Motion to Designate Cantu as a responsible third party must be granted under Section 33.004(f).

### IV.    Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendants' Motion to Designate Responsible Third Party (Dkt. 17) and **DESIGNATE** Kayden Cantu as a Responsible Third Party under Section 33.004(a) of the Texas Civil Practice and Remedies Code.

The Court **FURTHER ORDERS** the Clerk to (1) change Defendant Harprett Singh Hanjrah's last name in the style of the docket from "HANJHRA" to "HANJRAH," and (2) remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable David A. Ezra.

### V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985).

**SIGNED** on February 13, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE